**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geary W. Walton,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-11-578-PHX-FJM (LOA)<br><br>**ORDER** |

    This matter is before the Court on Petitioner's Motion to Allow Filing of Bifurcated Petition. (Doc. 21)  Although the Court permitted Respondents the opportunity to respond to this motion, they have not done so and the deadline has passed. Accordingly, the motion is ripe for review.

    On March 28, 2011, Petitioner filed a copy of an order from the Ninth Circuit Court of Appeals, authorizing him to file a second or successive petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court. (Doc. 1)  Petitioner subsequently filed a Petition for Writ of Habeas Corpus, motion to proceed *in forma pauperis*, and a motion for appointment of counsel. (Doc. 9)  The Court granted Petitioner *in forma pauperis* status. (*Id*.)  Pursuant to Rule 8(c) of the Rules Governing Section 2254 proceedings and 18 U.S.C. § 3006A(a)(2), the Court appointed Criminal Justice Act Panel attorney, Patrick E. McGillicuddy, to represent Petitioner in this civil matter. (*Id*.)  The Court also granted Petitioner leave to file an Amended Petition for Writ of Habeas Corpus. The Court subsequently granted Petitioner an extension to January 31, 2012 to file an Amended Petition, and

referred this matter to the undersigned Magistrate Judge for further proceedings and to prepare a Report and Recommendation. (Doc. 24)

Petitioner has not yet filed an Amended Petition and instead filed the pending Motion, seeking leave to file a bifurcated petition. Petitioner argues that the Ninth Circuit granted him leave to file a successive petition for writ of habeas corpus on the basis that Petitioner, who was convicted of numerous child sex offenses in Maricopa County Superior Court, has discovered a medical report, indicating that one or more of the victims was found to have no injuries. Petitioner contends that the medical report renders him actually innocent of the charges under *Schlup v. Delo*, 513 U.S. 298 (1995), and therefore, this Court may consider his claims that would otherwise have been considered procedurally barred.

Petitioner seeks to file an initial petition, addressing only the issue of actual innocence. Then, if the Court finds that Petitioner's defaulted claims pass through *Schlup's* gateway for review, Petitioner would file a second petition addressing the merits of his claims.

Petitioner does not cite any authority for proceeding in this manner. Moreover, the Rules Governing Section 2254 Cases do not provide for such a procedure. Rather, Rule 2 provides, in pertinent part, that :

The Petition must:

1. specify *all the grounds for relief* available to the petitioner;

2. state the facts supporting each ground;

3. state the relief requested . . . .

Rule 2, Rules Governing Section 2254 Cases (emphasis added). In view of Rule 2, which requires Petitioner to include "all the grounds for relief available to" him in the Petition, the Court will deny Petitioner's request to file a bifurcated petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Allow Filing of Bifurcated Petition,

doc. 21, is **DENIED**.

Dated this 9th day of January, 2012.

Lawrence O. Anderson
United States Magistrate Judge